

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **LENNETTE GAIL THOMAS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 1:06-CV-834 |
| | § | |
| **TEXAS DEPARTMENT OF** | § | |
| **PROTECTIVE & REGULATORY** | § | |
| **SERVICES,** *et al.,* | § | |
| *Defendants.* | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
IN PART AND GRANTING DISMISSAL IN PART**

Pursuant to 28 U.S.C. § 636(b)(1)(A) and the Local Rules for the United States District Court, Eastern District of Texas, Appendix B, the Court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration and recommended disposition of case-dispositive pretrial motions. The Defendants' *Motion to Dismiss* [Clerk's doc. #11] is pending before the Court.

On July 13, 2006, Judge Giblin issued a *Report and Recommendation* on the Defendants' motion. He recommended that the Court grant the Defendants' motion to dismiss and dismiss the Plaintiff's claims in their entirety, with prejudice, for lack of subject matter jurisdiction.

The Plaintiff filed objections to the magistrate judge's report [Clerk's doc. #16]. As part of her objections, she contends that she is a member of a protected class and that she is alleging disparate treatment pursuant to Title VII. She also responds to the magistrate judge's holding that her claims actually sound under the Americans with Disabilities Act ("ADA") because "the fact that

the disparate treatment relates to a physical disability does not negate the elements of a Title VII claim." The Defendants also responded to the Plaintiff's objections, contending that Plaintiff has failed to present a *prima facie* case under Title VII.

Pursuant to the Plaintiff's objections and in accordance with 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of the magistrate's findings, the record, the relevant evidence, the specific objections, and the applicable law in this proceeding. After review, the Court finds that Judge Giblin's findings and recommendations should be accepted, in part, as to the recommendation that the Plaintiff's ADA claims be dismissed in their entirety, and that her Title VII claims be dismissed with respect to the individual Defendants, Sheri White and Clara Piner. The Plaintiff's objections are accordingly sustained in part and overruled in part.

The Court therefore **ORDERS** that the *Report and Recommendation* [Clerk's doc. #14] on the motion to dismiss is **ADOPTED, in part.** The Defendants' *Motion to Dismiss* [Clerk's doc. #11] is also **GRANTED** in part and **DENIED** in part. The Court **GRANTS** the Defendants' *Motion to Dismiss* with respect to Plaintiff's claims filed pursuant to the Americans with Disabilities Act. Those ADA claims are dismissed in their entirety. The Court further **ORDERS** that the *Motion to Dismiss* is **GRANTED** with respect to Plaintiff's Title VII claims against the individual Defendants White and Piner. Those Defendants are **DISMISSED**. Finally, the Court **ORDERS** that the *Motion to Dismiss* is **DENIED** as to Plaintiff's Title VII claims filed against Defendant Texas Department of Protective and Regulatory Services. Those claims remain.

So **ORDERED** and **SIGNED** this **14** day of **September, 2007.**

Ron Clark, United States District Judge